LEONARD M. GUNDERSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44004.   Promulgated May 5, 1931.

*David A. Gaskill, Esq.*, and *K. Monroe Pinaire, Esq.*, for the petitioner.

*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The sole issue in this proceeding is whether or not the petitioner, L. M. Gunderson, and his wife, Irma Wood Gunderson, were partners in the ownership and management of the roofing business conducted under the name of " L. M. Gunderson " during 1924, 1925, and 1926.

The original agreement which the petitioner contends initiated the partnership relation between himself and his wife was a verbal one made shortly preceding their marriage in June, 1916. In the State of Ohio a husband and wife may enter into a partnership contract by oral agreement. *R. C. McKnight*, 13 B. T. A. 885.

In *John T. Newell*, 17 B. T. A. 93, we said:

> No rigid rules can be laid down as to the requirements to establish the relationship. Ordinarily where two or more persons associate themselves together for a common undertaking for profit, and share in the profits or losses, a . partnership results. It is not necessary to constitute the relation that a person should contribute capital, or render services, and we have held in several cases that a husband may constitute his wife a partner by giving her an interest in the business.

In the *McKnight* case we quoted Chancellor Kent's definition of a partnership, as follows:

> A contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them in lawful commerce or business, and to divide the profit and bear the loss in certain proportions.

and also the definition contained in *Meehan* v. *Valentine*, 145 U. S. 611:

> The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits.

The evidence relating to the origin of the alleged partnership relation is uncontradicted. Prior to their marriage the petitioner and his intended wife discussed thoroughly their desire and purpose to purchase the roofing business from the petitioner's mother. For various reasons they decided to own the enterprise equally and to operate it as partners. · The duties of each partner were well de-

fined and carefully conceived. Their negotiations culminated in the purchase of the property as a going concern for the sum of $7,000. Neither partner possessed any financial resources. Consequently, they gave their joint note to the vendor as a consideration for the transfer. In *J. E. Biggs, Sr.*, 15 B. T. A. 1092, we held that the borrowing of capital, needed in the conduct of a business, on a partnership note was, in effect, a contribution by each signatory party to the agreement of partnership. It is unquestioned that the roofing business and real estate ventures were undertakings for profit. The express agreement between the petitioner and his wife was that all profits and losses should be shared equally and that in the event of a termination of the partnership all assets, over and above the liabilities, would be divided equally.

There is nothing conclusive against the petitioner's position in the fact that the business was conducted in the name of an individual. That is a common custom in business and professional practice. An individual or firm name may have a great commercial value which its owners desire to preserve. See *John T. Newell, supra.* Placing advertising, carrying a bank account, issuing checks, filing bids and other such acts in the petitioner's name are merely normal and characteristic consequents of such a policy.

It is not necessary that the books of account maintained by the business show that all partners have an interest therein. *R. A. Bartley*, 4 B. T. A. 874; *Julius Goldenberg*, 5 B. T. A. 213; *E. L. Kier*, 15 B. T. A. 1114; *John T. Newell, supra.*

The cases of *James L. Robertson*, 20 B. T. A. 112, and *W. M. Buchanan*, 20 B. T. A. 210, cited by the respondent, are clearly distinguishable from the case at bar. In them the alleged partners contributed no capital or services nor were they instrumental in increasing earnings. Mrs. Gunderson, however, contributed an equivalent of capital to the enterprise, devoted her entire time and attention to the business, was efficient and active in performing her specific duties as a member of the partnership, and, jointly with her husband, exercised a keen and careful supervision over all the partnership activities. She participated in the business as a partner and conducted herself as such.

The record shows that the petitioner and his wife both held themselves out as partners, not only through their actions, but also by their affirmative statements made to business associates and persons who were engaged in similar lines of industry and with whom they came in contact in the usual course of business. Those were the very persons to whom the petitioner and his wife would normally and naturally disclose their status as partners and who might be personally and pecuniarily interested in ascertaining the owner of

the Gunderson concern. In his proof, the petitioner has brought himself well within the requirements of the *Robertson* opinion, which states:

There must be credible evidence of acts, conduct, facts and circumstances demonstrating the alleged partner's actual participation in the business and assumption of its responsibilities to those with whom the business is transacted.

The representations and asseverations of the petitioner and his wife that they had established a business partnership were made over a long period of time and long before this tax controversy arose. Thus, there is no suggestion that the relation was an artificial one, assumed for the purpose of avoiding tax.

*Judgment will be entered for the petitioner.*